**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

KENNETH JOHN PACHINGER                                                    PETITIONER

vs.                                           2:08 CV00079 JTR

WARDEN, FCC Forrest City
FCI Forrest City, Arkansas                                                RESPONDENT

**MEMORANDUM AND ORDER**

**I. Background**

On May 5, 2008, Petitioner, Kenneth John Pachinger, filed this § 2241 Petition. (Docket entry #2). On July 1, 2008, Respondent filed a Response (Docket entry #8), and Petitioner has now filed a Reply. (Docket entry #9). Thus, the issues are joined and ready for disposition.[1]

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case. Petitioner is currently serving a 148 month federal sentence at the Federal Correctional Complex-Low Security Institution (FCC), located in Forrest City, Arkansas. (Document entry #8). Prior to his confinement at FCC, Petitioner was incarcerated in the Federal Correctional Institution (FCI), Memphis, Tennessee. (Document entry #2).

Petitioner alleges that, while he was incarcerated at FCI Memphis, he applied and was placed on the waiting list for a work assignment with the Federal Prison Industries (FPI). (Docket entry #2). On August 6, 2007, while still awaiting a work assignment with FPI, Petitioner was transferred to FCC. (Document entry #2).

At FCC, Petitioner was required to submit a new application for employment with FPI

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #10).

and was placed at the bottom of FCC's waiting list for such a position. (Document entry #2).

In his habeas Petition, Petitioner claims that he has been denied valuable FPI work experience because the approximate waiting time for a position with the FPI at FCC is longer than the amount of time remaining on his sentence. (Document entry #2). Petitioner argues that, under 28 C.F.R. § 345.32, the Bureau of Prisons (BOP) staff are required to place inmates on waiting lists for FPI positions in the order in which their applications are received. (Document entry #2). However, if a prisoner has applied for a FPI position at a BOP facility and is then transferred to another BOP facility, before obtaining a FPI position, the BOP requires him to begin the application process anew. (Document entry #2). Petitioner seeks to have this Court enter an Order that: (1) directs the BOP to place him on the waiting list for employment with FPI at FCC based on the date he initially applied for a FPI position while he was incarcerated in FCI; (2) resolves the dispute between Petitioner and the BOP over how 28 U.S.C. § 345.32 should be construed and (3) directs the BOP to comply with the Administrative Procedures Act with regard to 28 C.F.R. § 345.32. (Document entry #2).

In its Response, Respondent argues that Petitioner has no constitutional right to a work assignment while incarcerated. (Document entry #8). Respondent also argues that it is properly construing the language of 28 C.F.R. § 345.32, which requires a prisoner in Petitioner's position to reapply for FPI work after he is transferred to a new BOP facility. (Document entry #8).

For the reasons explained below, the Court concludes that Petitioner's habeas claim must be dismissed for lack of subject matter jurisdiction. Accordingly, the Petition for Writ of Habeas Corpus will be denied, and the case will be dismissed, with prejudice.

## II.  Discussion

"Federal law opens two main avenues to relief on complaints related to imprisonment:" (1) a petition for writ of habeas corpus; and (2) a civil rights complaint pursuant to 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 465, 484 (1973). Habeas is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id.* at 489. A civil rights complaint under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499.

In this action, Petitioner is *not* challenging the duration or constitutionality of his confinement.  Rather, he is contesting the way in which the BOP makes FPI positions available to prisoners, a claim that goes to the conditions of his confinement.  Thus, the relief Petitioner seeks cannot be obtained in a § 2241 habeas action. *See,* e.g., *Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir.1997) (challenges "to the conditions of confinement" must be brought in a civil rights action filed pursuant to a 42 U.S.C. § 1983 action, while challenges "to the fact or duration of a sentence of imprisonment" must be brought in a § 2254 habeas action).

While neither party has raised the issue of this Court's subject matter jurisdiction, it has a duty to raise that issue *sua sponte*. *State of Missouri ex rel. Missouri Highway and Transportation Commission v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997).  If a federal habeas petitioner is not challenging the validity of his conviction or sentence or the length of his custody, the court lacks

subject matter jurisdiction to grant relief. *Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th Cir.2002)(finding that habeas petitioner's claims regarding prison mail and segregation were improperly brought under § 2254 because they were not alleged to have illegally extended his period of confinement); *Mercer v. U.S. Medical Center for Federal Prisoners*, 312 F.Supp.1077,1079 (D.C.Mo.1970)(finding petitioner's "allegations that he and 'all other camp prisoners' are denied opportunity to earn money by working in prison industry or to participate in vocational training programs do not present circumstances which would presently entitle him to habeas corpus relief).

Although Petitioner has raised his claims under §2241, the substance of his claims arise under 42 U.S.C. § 1983. Accordingly, if Petitioner wishes to proceed with this action, he must file a Complaint which asserts these claims under 42 U.S.C. § 1983.

### III. Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, is DENIED, and this habeas action is DISMISSED, WITH PREJUDICE.

Dated this 21st day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE